United States District Court
Southern District of Texas
**ENTERED**
April 23, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LELTON EUGENE STONEHAM, (SPN #00595378) Petitioner, | § § § § § § | CIVIL ACTION NO. 4:19–cv–5046 |
| vs. | § § | JUDGE CHARLES ESKRIDGE |
| LORIE DAVIS, Respondent. | § § § | |

**MEMORANDUM ON DISMISSAL**

Before the Court is a petition for a writ of *habeas corpus* under 28 USC § 2241 filed by Petitioner Lelton Eugene Stoneham in December 2019. Dkt 1. He there challenged his then-current pretrial detention at the Harris County Jail (HCJ), complaining that he was being illegally detained prior to trial, including assertions of illegal charges and improper delays. He sought his immediate discharge from custody.

Online research reveals that law enforcement arrested Stoneham for the felony offense of evading arrest/detention on April 13, 2019. Cause Number 162798901010. He pleaded guilty on January 23, 2020 and received a two-year sentence. Online research also reveals that Stoneham is no longer confined at HCJ. Upon telephone inquiry, the Court learned that HCJ released him on February 11, 2020.

Local Rule 83.4 pertains to changes of address. It states, "Notices will be sent only to the address on file. A lawyer or *pro se* litigant is responsible for keeping the clerk advised in writing of the current address." Stoneham has failed to abide by this provision requiring an accurate, current address.

Under the inherent powers necessarily vested in a court to manage its own affairs, this Court dismisses this action for want of prosecution. See FRCP 41(b); *Link v Wabash* RR, 370 US 626,

630–31 (1962); *Clofer v Perego*, 106 F3d 678, 679 (5th Cir 1997); James W Moore, *et al.*, 8 *Moore's Federal Practice* § 41.51(3)(b) & (e) (Matthew Bender 3d ed 2017). But the Court upon proper showing will grant relief under Federal Rule of Civil Procedure 60(b). See *Link*, 370 US at 635.

Alternatively, the Court considers whether its jurisdiction continues over Stoneham's federal petition. The petition argues that he is entitled to be released from pretrial confinement. Dkt 1 at 7. Stoneham has subsequently been released. A petition for a writ of *habeas corpus* is not automatically moot when a petitioner is released from prison. But it is moot when its main thrust seeks release from confinement where the petitioner is subsequently released. *Bailey v Southerland*, 821 F2d 277, 278 (5th Cir 1987); see also *Lane v Williams*, 455 US 624, 631 (1982) (finding that when petitioner does not attack validity of conviction, but merely contests imposition and duration of confinement, case becomes moot when no longer confined).

Stoneham has obtained the relief he sought by filing his petition for a writ of *habeas corpus*. His petition is thus moot, and this Court lacks subject matter jurisdiction over this action. See *Powell v McCormack*, 395 US 486, 496 (1969) (holding that cases are moot when issues presented are no longer "live" or parties lack legally cognizable interest in the outcome).

The petition for a writ of *habeas corpus* filed by Lelton Eugene Stoneham is DISMISSED WITHOUT PREJUDICE for want of prosecution. Alternatively, the petition is dismissed as moot.

Stoneham's motion for leave to proceed *in forma pauperis* is GRANTED. Dkt 2.

All other pending motions are DENIED as moot.

SO ORDERED.

Signed on April 23, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge